UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RODNEY JETT,

    Plaintiff,

v.                                     Case No. 23-cv-894

DALE COMEAU,

    Defendant.

---

### ORDER

Plaintiff Rodney Jett, who is representing himself and currently confined at Columbia Correctional Institution, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) Jett was allowed to proceed on an Eighth Amendment deliberate indifference to medical needs claim against Dale Comeau for allegedly failing to call for medical assistance when Jett was having trouble breathing. Comeau filed a motion for summary judgment. (ECF No. 29.) The motion is fully briefed and ready for a decision. For the reasons stated below, the court grants Comeau's motion for summary judgment.

### FACTS

At all relevant times, Jett was incarcerated at Green Bay Correctional Institution (GBCI). (ECF No. 31, ¶ 1.) Comeau was employed by the Wisconsin Department of Corrections and worked at GBCI as a Correctional Sergeant. (*Id.*, ¶

2.) Jett has long suffered from asthma and has a corticosteroid inhaler and an albuterol inhaler. (*Id.*, ¶¶ 43-44.) Jett also has a history of misusing his inhalers, and on January 11, 2021, staff made the decision to have Jett's inhalers under staff control rather than in his cell with him. (*Id.*, ¶ 80.) This decision was made after Jett was seen by non-defendant nurse Rachel Matushak for an asthma attack that day, and also because shortly after his examination, Jett broke his inhaler and threatened to use it to harm himself. (*Id.*, ¶¶ 77, 86-87.)

On January 12, 2021, sometime during the evening, Jett requested that the staff allow him use of his inhaler. (ECF No. 31, ¶ 91.) Around 11:30 p.m. Jett refused to provide his inhaler back to Comeau. (*Id.*, ¶ 92.) Comeau was able to retrieve the inhaler. (*Id.*, ¶ 93.) Also, at some point in the evening, it is unclear from the record, Jett told Comeau he was having trouble breathing. (*Id.*, ¶ 94.) Comeau states that he contacted the Health Services Unit (HSU) and spoke with non-defendant RN Steven Bost, who instructed Comeau to tell Jett to file a Health Services Request (HSR) to receive medical care. (*Id.*, ¶¶ 94-96.) Comeau admits that there is no record of his call to HSU. (*Id.*, ¶ 109.) Jett asserts that Comeau did not contact HSU and ignored his breathing trouble, which he contends was a medical emergency. (ECF No. 43, ¶ 2.) As a result of Comeau's non-action, Jett states that "it caused grave mental, emotional, and physical anguish . . . [and] overall it caused great pain and suffering." (ECF No. 42, ¶ 4.) However, Jett does not provide details regarding the allegedly harm he suffered, nor does he provide medical records supporting this assertion.

2

It is undisputed that Jett was seen the next day, January 13, 2021, in the HSU by non-defendant RN Lydia Luebke. (ECF No. 31, ¶ 81.) Jett complained that he had a headache and was experiencing shortness of breath, but he did not mention that he suffered a breathing medical emergency the night before. (*Id.*, ¶ 82, 110.) Luebke noted that Jett was no longer having breathing issues. (*Id.*, ¶ 83.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his

3

pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

Jett claims that Comeau violated his Eighth Amendment rights when he was deliberately indifferent to his breathing issues on the night of January 12, 2021. A plaintiff must demonstrate four elements to establish a deliberate indifference claim under the Eighth Amendment. *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023). First, "there must be a risk of harm to the plaintiff that is so objectively serious as to be 'excessive' (and that risk must in fact materialize)." *Id.* Second, "the defendant must 'know' of the risk (put differently, he must possess subjective awareness that the risk exists)." *Id.* Third, "the defendant's response to the risk must be so inadequate as to constitute 'disregard' of (or deliberate indifference toward) the risk." *Id.* Finally, "the plaintiff must prove that the defendant's deliberate indifference actually *caused* his injury." *Id.* (citing *Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011)).

Comeau concedes that breathing issues are an objectively serious medical condition. (ECF No. 30 at 6.) However, he argues that he was not deliberately indifferent to Jett's medical needs because even though there is no record of it, he called HSU and was told by a medical expert that it was an issue that could be dealt

4

with via an HSR—in other words, it was not an emergency. Jett contends that Comeau never called HSU and reported the emergency.

While this is a disputed question of fact, ultimately it is not material because, even when taking the facts in a light most favorable to Jett, Jett fails to demonstrate that he actually suffered an injury that was caused by Comeau's lack of reporting his breathing issues. Jett asserts that he suffered mental, emotional, and physical pain and suffering, but he gives no details, nor does he provide any medical records showing that Comeau's lack of reporting aggravated his condition or needlessly prolonged his pain. In fact, the only relevant medical record from his next-day treatment does not support the suggestion that he had suffered some kind of emergency the previous day. *See Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012). "Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020). "It is therefore incumbent on the party opposing a summary judgment motion to 'inform the district court of the reasons why summary judgment should not be entered'" *Reed v. Brex, Inc.*, 8 F. 4th. 569, 578 (7th Cir. 2021) (quoting *Riely v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018)). While Jett states a reason, he does not support it in any fashion whatsoever. Bald assertions that are not bolstered by more specific evidence are insufficient to create a genuine issue of material fact. *Drake v. Minn Mining & Mfg Co.*, 134 F.3d 878, 887 (7th Cir. 1998). *Mason v. Manlove,* No. 19-CV-992, 2022 WL 2817516, at *4 (E.D. Wis. July 19, 2022) ("Mason's pain and

5

fogginess do not create a question of material fact as to whether the subject medications presented a substantial risk to his health."); *Williams v. Berge,* No. 02-C-0010-C, 2003 WL 23282532, at *3 (W.D. Wis. Jan. 21, 2003) ("although plaintiff alleged in his complaint that he suffered muscle deterioration and hand tremors as a result of the extreme temperatures, it is notable that he never complained of either of these ailments to medical personnel during his 179 visits to the health services unit."); *Semons v. Taulbut,* No. 22-CV-594, 2023 WL 5916608, at *4 (E.D. Wis. Sept. 11, 2023) ("even accepting Semons's version of events, he still fails to establish that the risk posed by the plaster [in his cell] was objectively and sufficiently serious.")

As such, summary judgment will be granted in favor of Comeau.

## CONCLUSION

For the foregoing reasons, the court grants Comeau's motion for summary judgment. Comeau also argued that he was entitled to qualified immunity. Because the court grants summary judgment in his favor on the merits, the court does not need to address the qualified immunity argument. Because there are no remaining claims, the case is dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Comeau's motion for summary judgment (ECF No. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 21st day of January, 2025.

STEPHEN DRIES
United States Magistrate Judge